UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ,

        Plaintiff,                               CASE NO.:

v.

BBG INVESTMENTS OF MIAMI, CORP. and
109 BURGER JOINT, CORP.

        Defendants.

_____/

## COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues Defendants BBG INVESTMENTS OF MIAMI, CORP. and 109 BURGER JOINT, CORP. (hereinafter "Defendants"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3. At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of the State of Florida.

4. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff has been diagnosed with paraplegia and uses a wheelchair for mobility purposes.

5. Defendant, BBG INVESTMENTS OF MIAMI, CORP., owns and operates reap property located at and known as 646 SW 109TH Avenue, Miami, Florida, which is the subject property.

6. Defendant, BBG INVESTMENTS OF MIAMI, CORP., owns and operates that certain place of public accommodation located at 646 SW 109TH Avenue, Miami, Florida, known as 109 BURGER JOINT, which is located upon the Subject property.

7. Defendant, known as 109 BURGER JOINT, CORP., leases and/or operates that certain place of public accommodation located at 646 SW 109th Avenue, Miami, Florida, known as 109 BURGER JOINT, which is located upon the Subject property.

8. Prior to the commencement of this action, Plaintiff personally visited the Subject Property; however, Plaintiff was denied full access to the facilities at the Subject Property, and/or any accommodations offered to the public therein, in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact. As of this filing, Plaintiff remains unable to visit and make full use of the Subject Property and continues to be discriminated against (and thus injured) by architectural barriers to access that remain at the Subject Property in violation of the ADA.

9. Plaintiff intends to return to the Subject Property after entry of an injunction in this case, and after compliance therewith by Defendants, in order to avail himself of the goods and services offered to the public therein.

10.     All events giving rise to the instant action occurred in Miami, Florida. Venue is proper in the Southern District of Florida in that the Subject Property is located in the State of Florida, County of Miami-Dade.

## COUNT I
## VIOLATIONS OF THE ADA

11.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

12.     On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

13.     Congress specifically found, *inter alia*, that:[1]

a.     Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.     Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.     Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.     Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

14. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

15. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

16. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.

18. Upon information and belief, the Subject Property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

19. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

20. The Subject Property is legally required to be, but is not, in compliance with the ADA and ADAAG.

21. Such non-compliance includes but is not limited to the following:

   a. Required accessible parking not provided within existing parking area at property.

   b. Accessible route to establishment not provided as required. Accessible means of egress not provided as required. The first of two entrances is inaccessible. Existing step at the first of two entrances acts as a barrier to accessibility. Required ramp not provided for step at the first of two entrances.

   c. Required minimum maneuvering clearance not provided at door of the first of two entrances. Non-compliant change in floor level within required maneuvering clearance at door of the first of two entrances.

   d. The second of two entrances is inaccessible. Existing step at the second of two entrances acts as a barrier to accessibility. Required ramp not provided for step at the second of two entrances.

   e. Required minimum maneuvering clearance not provided at door of the second of two entrances. Non-compliant change in floor level within required maneuvering clearance at door of the second of two entrances.

   f. Inaccessible dining tables. Required minimum knee and toe clearance not provided at dining tables. A minimum percentage of existing dining tables required to be accessible not provided.

   g. Inaccessible bar. Non-compliant height of bar exceeds maximum height allowance. Required minimum knee and toe clearance not provided at bar. Portion of bar required to be accessible not provided.

---

[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

      h. Inaccessible water closet in restroom. Required minimum clearance not provided at water closet in restroom.

      i. Inaccessible lavatory in restroom. Required minimum knee and toe clearance not provided at lavatory in restroom.

      j. Non-compliant height of lavatory in restroom exceeds maximum height allowance.

      k. Inaccessible mirror in restroom. Non-compliant mounted height of mirror in restroom exceeds maximum height allowance.

22. This is not intended as a complete list of ADA and ADAAG violations at the Subject Property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

23. Plaintiff was and is blocked by physical barriers to access at the Subject Property, dangerous conditions, and ADA violations, existing upon the Subject Property, including those specified above. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from safely accessing the Subject Property, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

24. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

25. Plaintiff intends to visit the Subject Property again in the future (upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disabilities, unless and until the Subject Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property

and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

26. As a result of the foregoing, Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

27. Moreover, Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property, accessible to and usable by persons with disabilities, including Plaintiff by making appropriate alternations to policies and procedures.

28. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Subject Property, including but not limited to those set forth herein.

29. This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendants' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities to the extent required by law.

30.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

## **INJUNCTIVE RELIEF**

31.     Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA.

32.     Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, and closing the facilities until the requisite modifications are complete.

33.     Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

34.     Injunctive relief is also necessary to make the Subject Property readily accessible and useable by Plaintiff in accordance with the ADA.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a)     A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendants is in violation of the ADA;

b)     An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to Subject Property;

---

[6] 42 U.S.C. §§ 12205, 12117

c) An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA;

d) An Order issuing a permanent injunction ordering Defendants to close the Subject Property and cease all business until Defendants remove all violations under the ADA, including but not limited to the violations set forth herein;

e) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f) For such other and further relief that this Court deems just, necessary and proper.

DATED this **12th** day of **November,** 2019.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:   (954) 745-0588
FAX:  (877) 253-1691

By:  _/s/ Hector V. Ramirez_
HECTOR V. RAMIREZ, ESQUIRE
Florida Bar No. 484857
ramirez@nklegal.com
amy@nklegal.com