UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, *an individual*,

        Plaintiff,

v.

CASE NO.: 1:19-cv-24677-RNS

BBG INVESTMENTS OF MIAMI, CORP. and
109 BURGER JOINT, CORP.

        Defendants.
_____/

## PLAINTIFF'S NOTICE OF JOINT LIABILITY BETWEEN DEFENDANTS

Plaintiff, Jesus Gonzalez ("Plaintiff"), by and through the undersigned counsel, and pursuant to this Court's order of January 7, 2020 DE 21], hereby files this notice advising of joint liability, as follows:

1. This is an action for declaratory and permanent injunctive relief for violation of the Americans with disabilities Act.

2. On November 12, 2019, Plaintiff filed a claim against Defendants BBG INVESTMENTS OF MIAMI, CORP. (landlord) and 109 BURGER JOINT, CORP. (tenant). The Complaint alleges that the public accommodation, located at 646 SW 109TH Avenue, Miami, Florida, also known as *109 Burger Joint*, is in violation of the ADa in that it denies Plaintiff equal access due to the existence of various architectural barriers.

3. At this time, defendant 109 BURGER JOINT, CORP. has failed to appear through counsel. On January 6, 2020, a Clerk's Default was entered against this Defendant only. DE 20.[1]

---

[1] On January 9, 2020, Luis Blanco filed a Notice of Appearance on behalf of 109 Burger Joint Corp., stating that the Defendant "is unable to afford the services of an Attorney." DE 23.

4. Plaintiff hereby notifies the Court that Defendants BBG INVESTMENTS OF MIAMI, CORP. (landlord) and 109 BURGER JOINT, CORP. (tenant) are partially jointly and severally liable to Plaintiff for the alleged ADA violations. Specifically, Defendants are jointly liable for violations existing at elements of the property they both have control over. Any contractual agreement between the Defendants as to liability for ADA violations solely governs the relationship between the Defendants and does not shift liability or reduce remedies *viz a viz* Plaintiff.

5. Pursuant to the ADA, violations at places of public accommodations are the responsibility of

6. In this action, Plaintiff has alleged ADA violations concerning elements that are solely in the Defendant landlord's control and others that are in both Landlord and Tenant's control. Accordingly, this action seeks injunctive relief for violations for which both Defendants are jointly and severally liable for.

7. The statute's "General Rule" reads:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The text clearly mandates that property owners and lessors refrain from discrimination on the basis of disability. Were a landlord's liability not clear enough from the face of the statute, the Department of Justice's regulations have only made it more explicit. Those regulations provide, in relevant part:

> Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As

> between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 C.F.R. § 36.201(b). Thus, landlord and tenant may privately allocate ADA responsibilities at their discretion. But doing so does not strip Plaintiff of an ADA claim against either. It only gives one Defendant a breach of contract remedy against the other. See, *Botosan v. Paul McNally Realty,* 216 F.3d 827, 833 (9th Cir. 2000). "[C]ontractual allocation of responsibility has no effect on the rights of third parties" because "[t]he power to waive or impose liability as against a third party resides only in Congress, and Congress has stated that both the landlord and tenant are liable under the Act." *Id*.

8. At this time, liability for all the alleges violations remain at issue.

Dated this **21st** day of **January**, 2020.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
PH:   (954) 745-0588
FAX: (877) 253-1691

By:  */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQUIRE
Florida Bar No. 484857
ramirez@nklegal.com
amy@nklegal.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **21st** day of **January**, 2020.

By: */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQ.
Florida Bar No. 484857

3

## SERVICE LIST:

**RICHARD LORENZO, ESQ.**
Florida Bar No. 0914509
*Attorney for Defendant,*
*BBG Investments of Miami, Corp.*
4649 Ponce de Leon Blvd., #301
Coral Gables, FL 33146
Ph: (305) 785-1259 (cell)
rlorenzo@comcast.net


**VIA ECF AND U.S. MAIL**
**LUIS BLANCO, PRO SE**
109 BURGER JOINT CORP.
646 SW 109 AVE.
MIAMI, FL 33174